SHIPPEN BROTHERS LUMBER CO. *v.* ADAMS, sheriff, *et al.*

It appearing that the tax fi. fa., against the enforcement of which injunction was sought, was issued to collect an amount due for taxes based upon an assessment made by the tax-receiver, and that the assessment was illegal, it being at a higher valuation of the property than that at which the owner had returned the same, and not having been made under the provisions of § 1198 of the Civil Code nor in accordance with the provisions of §§ 1097 and 1098, the court erred in refusing the injunction.

FEBRUARY 19, 1914.

Petition for injunction.    Before Judge Jones.    Towns superior court.    March 24, 1913.

*T. A. Brown,* for plaintiff.    *McMillan & Erwin,* for defendants.

BECK, J.    The plaintiff filed its petition seeking to enjoin the enforcement of a tax fi. fa. issued by the tax-collector of Towns county for the sum of $153.18, for the State and county taxes upon plaintiff's lands located in the county, for the year 1912.    Plaintiff had made a return of its lands for taxation at a stated valuation, but the tax-receiver had rejected its returns and assessed its lands, under a general recommendation of the grand jury of the county

for the fall term, 1911, at an increased valuation. The injunction was refused, and plaintiff excepted.

Plaintiff showed a tender of the taxes due upon the valuation of the lands as returned by the owner, but contends that the assessment of taxes upon the basis of the assessment made by the tax-receiver was illegal. Whether or not this contention is correct depends upon whether the grand jury at the fall term of the superior court, upon inspection of the tax returns, had assessed the value of petitioner's property in accordance with the provisions of § 1198 of the Civil Code; or, if they had not done so, had the tax-receiver himself, under the provisions of § 1097 of the Civil Code, after scrutinizing the return of the taxpayer, found the property embraced in the return returned below its value, and thereupon, within 30 days, assessed the value of the property and given notice in terms of the statute as contained in § 1098 of the Civil Code? The grand jury at the fall term of the superior court made the following recommendation, after setting forth that they had examined the tax digest and had found that certain farm lands had been given in at less than $2.00 per acre: "We recommend that no wild land be received in future for less than three dollars per acre, and that no farm lands be received for less than three dollars per acre, nor for less than their market value." Such a recommendation as this did not amount to an assessment of the property in accordance with the provisions of § 1198 of the Civil Code. Compliance with that section would require that the grand jury should at least designate the owner of the lands and state the valuation at which they assessed the same, and the mere general recommendation that returns of lands at less than certain valuations shall not be received does not carry out the provisions of the code section last referred to.

Under the evidence in the record, the court would have been authorized to find that the tax-receiver had assessed the value of the lands in question here under the provisions of § 1097 of the Civil Code, which provides that "Each return shall be scrutinized carefully by the tax-receiver, and if in his judgment he shall find the property embraced in the return, or any portion of it, returned below its value, he shall assess the value at once or within thirty days thereafter." But in order to make the assessment by the tax-receiver valid and the basis for taxation, it should appear that

where the assessment was not made immediately upon receipt of the return but at some subsequent time within thirty days thereafter, as was the case here, notice was given as provided in § 1098, which reads: "If such assessment is not made by the receiver instanter, he shall give the taxpayer notice of his assessment." Now there is in the evidence a general statement made by the tax-receiver that he did give notice; but when that statement is considered in connection with the other evidence in the case, it clearly appears that the only notice given was that of an assessment made under the recommendation of the grand jury which we have set forth above, and not an assessment made by the tax-receiver himself in the exercise of his judgment, after scrutinizing the return of the taxpayer. Consequently, there had been no valid assessment of the value of the taxpayer's property by the grand jury (which was to be the guide of the tax-receiver and his authority for assessing the property at an increased valuation), and no assessment by the tax-receiver under the provisions of § 1097 of which the taxpayer had notice. The assessment of taxes, therefore, at the increased valuation was illegal, and the court erred in not so holding and granting the injunction.

*Judgment reversed. All the Justices concur.*